UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HARMONY L. JOHNSON,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. C16-790-JCC

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Harmony L. Johnson seeks review of the denial of her application for Supplemental Security Income. Ms. Johnson contends the ALJ erred in evaluating the medical opinions of treating doctor Richard Winslow, M.D., and examining doctor David Widlan, Ph.D. Dkt. 9 at 1. As relief, Ms. Johnson requests that this case be reversed and remanded for payment of benefits. Dkt. 9 at 11. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

In March 2013, Ms. Johnson applied for benefits, alleging disability as of January 1, 2010. Tr. 10, 172-175. Ms. Johnson's applications were denied initially and on reconsideration. Tr. 10, 103-106. After the ALJ conducted a hearing on December 18, 2013, the ALJ issued a

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE
- 1

decision finding Ms. Johnson not disabled. Tr. 10-28.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Ms. Johnson has not engaged in substantial gainful activity since March 22, 2013, the application date.

**Step two:** Ms. Johnson has the following severe impairments: obesity status post bariatric surgery, panic disorder with agoraphobia, depressive disorder not otherwise specified, episodic alcohol abuse, obstructive sleep apnea.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Ms. Johnson can perform less than the full range of medium work subject to the following limitations: she can lift and/or carry twenty-five pounds frequently and fifty pounds occasionally. She is able to stand and/or walk for six hours in an eight-hour workday with normal breaks. She is able to sit for about six hours in an eight-hour workday with normal breaks. She is able to perform work that never requires the climbing of ladders, ropes, or scaffolds. She is able to perform work that is limited to occasional climbing of ramps and stairs. She is able to perform work that is limited to frequently balancing, stooping, kneeling, crouching, and crawling. She is able to perform work that is limited to occasional exposure to temperature extremes and to pulmonary irritants such as dusts, fumes, odors, gases, and poor ventilation. She is able to perform work that avoids exposure to hazardous conditions such as proximity to unprotected heights and moving machinery. She is able to perform work that is limited to tasks that can be learned in thirty to ninety days. She is able to perform work that is limited to rare, as defined as less than ten percent of the workday, interaction with the public. She is able to perform work that is limited to superficial or casual interaction with co-workers, but would not do well as a member of highly interactive or interdependent work group.

**Step four:** Ms. Johnson can perform past relevant work as a file clerk.

**Step five:** Alternatively, as there are jobs that exist in significant numbers in the national economy that Ms. Johnson can perform, she is not disabled.

Tr. 10-28. The Appeals Council denied Ms. Johnson's request for review making the ALJ's

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

decision the Commissioner's final decision. Tr. 1-5.[3]

## DISCUSSION

The Court may reverse an ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Even then, the Court will reverse the ALJ's decision only if the claimant demonstrates that the ALJ's error was harmful. *Id.*

**A.     Medical Evidence**

Ms. Johnson contends the ALJ erroneously assessed the opinions of treating doctor Richard Winslow M.D., and examining doctor, David Widlan Ph.D. The ALJ must provide "clear and convincing reasons" to reject the uncontradicted opinion of a treating or examining doctor. *Lester v. Chater*, 81 F.3d 821, 830, 831 (9th Cir. 1996). When contradicted, a treating or examining doctor's opinion may not be rejected without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.*

   *1.     David Widlan, Ph.D.*

Ms. Johnson contends the ALJ erred in evaluating the opinion of Dr. Widlan. Dkt. 9 at 9-11. The Court disagrees.

Dr. Widlan evaluated Ms. Johnson in July 2013. In his medical source statement Dr. Widlan indicated that:

> [Ms. Johnson] suffers from symptoms of depression and Panic Disorder. The Mental Status Examination indicated adequate memory and concentration with moderate deficits in social reasoning. She was able to complete MSE tasks. As such she is cognitively able to accept instruction from a supervisor. With regard to social reasoning she responded poorly to a basic social scenario. She likely would have difficulty responding to moderately novel social stressors. While she

---

[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

> does not suffer from severe social distortions such as paranoia, she has
> adaptive deficits associated with depression and exacerbated by anxiety,
> and these would likely cause issues with reliability as well as consistency
> in performance.

Tr. 543. The ALJ rejected Dr. Widlan's opinion that Ms. Johnson "has adaptive deficits due to her psychological symptoms that would likely cause issues with reliability and consistency." Tr. 539-543. Specifically, the ALJ rejected this opinion as inconsistent with the evidence of record, including Dr. Widlan's own examination findings, and as heavily reliant on Ms. Johnson's subjective complaints which the ALJ rejected as not fully credible. Tr. 24.

An ALJ may discount a doctor's opinions where the doctor's opinions are not supported by his own medical records or his own clinical findings. *See e.g., Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996). An ALJ also need not accept a medical opinion that is brief, conclusory and inadequately supported by clinical findings. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Moreover, if a provider's opinions are based "to a large extent" on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the provider's opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations").

Here, Dr. Widlan offers no explanation of the basis for his conclusory opinion that Ms.

1  Johnson has adaptive deficits that would likely cause issues with reliability and consistency.
2  Although Dr. Widlan did note that Ms. Johnson presented as lethargic and apathetic with a
3  somewhat flattened affect, this observation, without more, does not equate to a finding that these
4  symptoms cause adaptive deficits that would likely cause issues with reliability and consistency.
5  Tr. 540.  Nor do Dr. Widlan's clinical findings on the mental status examination (MSE) appear
6  to support this opinion.  As the ALJ notes, Dr. Widlan did not find any problems with Ms.
7  Johnson "persisting throughout her examination and found that she had no difficulty following
8  the clinical interview with normal comments and speech quality[.]" Tr. 24, 540-541.  Nor did
9  Dr. Widlan note any significant difficulties on the sections of the MSE addressing concentration,
10 persistence or pace or adaptive behavior.  Tr. 540.  Rather, Dr. Widlan noted that Ms. Johnson
11 exhibited adequate concentration during the MSE and, although she likely takes somewhat
12 longer than average to complete ADLs due to a lack of motivation, she was able to complete a
13 simple three-step task and indicated she could concentrate to watch a movie.  Tr. 542.

14      With respect to adaptive behaviors specifically, Dr. Widlan also did not note any
15 significant difficulties but simply indicated that Ms. Johnson reported she was able to: bathe and
16 brush her teeth on a daily basis, perform household chores such as vacuuming, washing dishes,
17 and laundry, cook meals such as Tuna Helper, spaghetti, and tacos, grocery shop with her
18 mother, and drive.  *Id.*  Based on this record, the Court cannot say it was unreasonable for the
19 ALJ to discount Dr. Widlan's conclusory opinion regarding Ms. Johnson's adaptive deficits as
20 inconsistent or unsupported by his own clinical findings.  *See Tommasetti*, 533 F.3d at 1038
21 (When the evidence is susceptible to more than one rational interpretation, the court must affirm
22 the ALJ's findings if they are supported by inferences reasonably drawn from the record.).

23      Moreover, in the Discussion/Prognosis section of his report, Dr. Widlan largely recites

Ms. Johnson's self-reports. Tr. 542. Specifically, the ALJ notes that Ms. Johnson "reported a long history of depression with a serious suicide attempt in January 2012" and "reported she has suffered from panic attacks for the last year ... [which] occur approximately once every three days and last a few hours." Tr. 542. The ALJ also notes that, although Ms. Johnson described some memory issues, she performed reasonably well on MSE tasks. He also notes that Ms. Johnson reported a minimal history of employment. Tr. 540, 542. In light of the lack of clinical findings supporting Dr. Widlan's opinion, and the ALJ's recitation of Ms. Johnson's subjective complaints in the discussion section, the ALJ also reasonably concluded that Dr. Widlan relied primarily on Ms. Johnson's self-reports as the basis for his opinion regarding her adaptive deficits. This was also a valid reason to reject Dr. Widlan's opinion.

Ms. Johnson appears to argue that the ALJ also improperly rejected the limitation that she would likely have difficulty responding to moderately novel social stressors. Dkt. 9 at 9. The ALJ accepted Dr. Widlan's remaining opinions, including those pertaining to her social functioning, and reasonably accounted for them into the RFC. Specifically, the ALJ limited Ms. Johnson to "rare, as defined as less than ten percent of the workday, interaction with the public", "superficial or casual interaction with co-workers" and indicated that she should not be "a member of a highly interactive or interdependent work group." Tr. 16. Ms. Johnson makes no specific argument as to why these limitations do not adequately account for her difficulty responding to moderately novel social stressors, and the Court cannot say the ALJ's interpretation of the opinion was unreasonable. *See Tommasetti*, 533 F.3d at 1038; *see Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at * 2 (unpublished opinion) (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *see also*

*Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)( "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

Accordingly, the ALJ did not err in discounting Dr. Widlan's opinion.

### 2. Richard Winslow, M.D.

Ms. Johnson contends the ALJ erred in evaluating the opinions of Dr. Winslow. Dkt. 9 at 2-9. The Court disagrees.

The record shows that Ms. Johnson established care with Dr. Winslow in January 2014. Tr. 21, 653. At that time Dr. Winslow conducted a MSE in which he noted that although Ms. Johnson reported mild to moderate anxiety and long-term depression, her affect was "quite jolly without evidence in session of either anxiety or depression." *Id.* Dr. Winslow also noted that, with respect to her suicide attempt two years earlier, Ms. Johnson reported that she probably would not have overdosed if she were not drunk at the time. Tr. 654. Dr. Winslow noted that, despite Ms. Johnson's report of substantially worsened anxiety disorder with panic beginning in 2012, "by her own account [she] continues [to be] quite functional as a homemaker now" and that she was looking forward to someday reactivating her commercial driver's license. *Id.* In March 2014, on examination Dr. Winslow observed Ms. Johnson's appearance to be adequate, her speech generally straightforward, her mood and affect only mildly anxious and she was warm and pleasant despite reporting significant panic attacks. Tr. 646. At that session, Ms. Johnson requested a letter indicating "she cannot work because of panic" but Dr. Winslow declined to provide such a statement. Tr. 646-647. Dr. Winslow emphasized that Ms. Johnson had only been treating at the clinic for a relatively short period of time and encouraged her to focus on becoming functional with treatment instead of seeing treatment as support for a long-term mental disability. Tr. 21, 647.

In April 2014, on examination, Dr. Winslow observed Ms. Johnson's mood and affect to be moderately anxious and placed her on Clonazapam. Tr. 641. In May 2014, Dr. Winslow noted Ms. Johnson was adequately dressed and groomed, her speech was straightforward, her mood and affect were only mildly anxious and although she continued to report panic attacks they were of reduced intensity. Tr. 633. Finally, in July 2014, Dr. Winslow noted that Ms. Johnson reported a 30% improvement in her anxiety and panic attacks, her mood and affect were mildly anxious and her speech mildly breathless but fully to the point. Tr. 617. However, Dr. Winslow indicated that:

> I advised patient that at this time, until more significant recovery occurs, she should not return to work or even attempt to do so. At some point in the future, perhaps one to two years from now, her anxiety may be well enough controlled that she could be calm enough and concentrate well enough to tentatively try a part-time job in a competitive setting.

Tr. 618.

As with Dr. Widlan, the ALJ discounted Dr. Winslow's opinion as inconsistent with the medical record, including his own treatment notes, and as based heavily on Ms. Johnson's subjective complaints. Tr. 24. These were valid reasons for rejecting Dr. Winslow's opinions and substantial evidence supports the ALJ's findings. The ALJ reasonably found Dr. Winslow's July 2014 opinion unsupported by his own clinical findings. *See e.g., Tommasetti*, 533 F.3d at 1041; *Nguyen*, 100 F.3d at 1464. Apart from observing mild anxiety, as detailed above, Dr. Winslow's treatment notes generally reflect normal clinical observations and findings. As such, it was not unreasonable for the ALJ to find Dr. Winslow's March 2014 treatment note, wherein he declined to write a letter indicating Ms. Johnson was unable to work and encouraged her to focus on becoming functional with treatment, inconsistent with his opinion only four months later that Ms. Johnson should not return to work and might only be able to attempt to return to

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 8

part-time work in one or two years. Tr. 618, 646-647. As described above, apart from mild anxiety, the treatment notes reflect largely normal objective findings and, if anything, tend to indicate that Ms. Johnson's symptoms were improving with treatment. Tr. 617. Thus, based on this record, the Court cannot say it was unreasonable for the ALJ to discount Dr. Winslow's opinion as inconsistent or unsupported by his own clinical findings. *See Tommasetti*, 533 F.3d at 1038

Ms. Johnson points out that Dr. Winslow noted in his initial evaluation that he found her reports of significant anxiety and descriptions of panic attacks very credible and that they were "very impairing." Dkt. 9 at 8. However, there is no indication Dr. Winslow ever observed Ms. Johnson experience a panic attack or even significant anxiety. Rather, apart from noting mild anxiety, Dr. Winslow's examination findings and personal observations of Ms. Johnson are largely normal. It is true that "an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations." *See Ryan v.Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). However, here, although Dr. Winslow indicates that he finds Ms. Johnson's subjective complaints credible, he fails to support his ultimate opinion with his own observations. Thus, the Court cannot say it was unreasonable for the ALJ to also conclude that Dr. Winslow's opinion is based primarily on Ms. Johnson's self-reports regarding her significant panic attack symptoms, which the ALJ discounted as not fully credible. As such, the ALJ reasonably discounted Dr. Winslow's opinion on this basis as well. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (If a provider's opinions are based "to a large extent" on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible,

the ALJ may discount the provider's opinion.).

In sum, the ALJ also did not err in discounting Dr. Winslow's opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 6th day of July, 2017.

JOHN C. COUGHENOUR
United States District Judge